UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------

STEPHEN P. MASCIOTTI

        Plaintiff,

-vs-

MT. KISCO AUTOMOTIVE PARTNERS II, LLC
d/b/a LAND ROVER JAGUAR OF
MOUNT KISCO, LAND ROVER JAGUAR OF
MOUNT KISCO, GREGORY P. WERNER,
AND SCOTT B. WIDDED

        Defendants.
-------------------------------------------------------

No.:_____

COMPLAINT

Jury Trial Demanded

JUDGE KARAS

08 CIV. 4447

    Plaintiff, STEPHEN P. MASCIOTTI, by and through his attorneys, STRATTON FAXON, sue defendants MT. KISCO AUTOMOTIVE PARTNERS II, LLC d/b/a LAND ROVER JAGUAR OF MOUNT KISCO, LAND ROVER JAGUAR OF MOUNT KISCO hereinafter, collectively, "LAND ROVER JAGUAR OF MOUNT KISCO", GREGORY P. WERNER, AND SCOTT B. WIDDED for damages resulting from a motor vehicle accident, and respectfully allege in support thereof as follows:

    1. The Plaintiff STEPHEN P. MASCIOTTI is a resident of the State of Connecticut. The Defendants are residents of the State of New York. Jurisdiction is based on diversity of citizenship, pursuant to 28 U.S.C. § 1332(a)(1), and the amount in controversy exceeds $75,000. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391.

2. At all times the defendant LAND ROVER JAGUAR OF MOUNT KISCO, was a business entity duly organized and existing under the laws of the State of New York.

3. At all times herein mentioned the Defendant GREGORY P. WERNER, was a resident of Brewster, County of Putnam, State of New York.

4. At all times herein mentioned, the plaintiff, STEPHEN P. MASCIOTTI, was operating his motor vehicle north bound on High Ridge at the intersection of Upper Shad Terrace, in the Town of Pound Ridge, County of Westchester and State of New York.

5. At all times mentioned herein the Defendant SCOTT B. WIDDED, was the registered owner of that certain 2004 JAGUAR bearing New York State license plate number CPL7947.

6. At all times herein mentioned, the Defendant, GREGORY P. WERNER, was the operator of that certain 2004 JAGUAR bearing New York State license plate number CPL7947.

7. At all times mentioned herein the defendant, GREGORY P. WERNER was an agent, employee, apparent agent, and/or contractor of LAND ROVER JAGUAR OF MOUNT KISCO and was operating the aforementioned vehicle with LAND ROVER JAGUAR OF MOUNT KISCO and SCOTT B. WIDDED'S permission express or implied.

8. Upon information and belief, the defendant LAND ROVER JAGUAR OF MOUNT KISCO, employed the defendant, GREGORY P. WERNER, on the date of the incident.

## A FIRST CLAIM FOR PERSONAL INJURIES AGAINST MT. KISCO AUTOMOTIVE PARTNERS II, LLC d/b/a LAND ROVER JAGUAR OF MOUNT KISCO, LAND ROVER JAGUAR OF MOUNT KISCO, GREGORY P. WERNER and SCOTT B. WIDDED

9. Plaintiff asserts each and every allegation of paragraphs 1 through 8 above, with the same force and effect as if it were more fully set forth herein at length.

10. On April 25, 2008, on High Ridge Road at the intersection of Upper Shad Terrace, in the Town of Pound Ridge, County of Westchester and State of New York, the Defendant, GREGORY P. WERNER, while operating the aforesaid vehicle, violently crashed into the plaintiff's vehicle.

11. On April 25, 2008 while the plaintiff was lawfully and in the exercise of due care operating his motor vehicle on the highway, suddenly and without warning of any kind, the motor vehicle owned by Defendant, WIDDED and operated by WERNER in a careless, negligent, grossly negligent and/or reckless manner violently collided with the plaintiff's vehicle causing him to sustain severe personal injury.

12. Upon information and belief, the Defendant LAND ROVER JAGUAR OF MOUNT KISCO negligently supervised, employed, maintained and hired defendant GREGORY P. WERNER.

13. The occurrence and injuries to the plaintiff, as a result thereof, were caused by the aforesaid carelessness, negligence, gross negligence and/or recklessness of the defendants.

14. By reason of all of the foregoing acts of the defendants, the Plaintiff, STEPHEN P. MASCIOTTI, sustained serious and severe personal injuries,

including surgeries and was caused to endure conscious physical pain and mental suffering, and required and received medical care and treatment, and will continue to incur future expenses therefore, and has sustained recoverable damages for these and other losses, including loss of income, loss of net earnings, mental anguish, emotional pain and suffering, and other damages to be proven at trial and is entitled to be compensated therefore.

WHEREFORE, plaintiff expressly reserves his right to amend the complaint up to and including the time of trial to include all theories of recovery and items of damages not yet ascertained, demand judgments against defendants, and each of them as follows:

For general and compensatory damages in a collective sum in the amount of ONE HUNDRED MILLION ($100,000,000.00) Dollars and punitive damages in the amount of ONE HUNDRED MILLION ($100,000,000.00) Dollars, and in addition, for reasonable attorneys' fees incurred herein; for costs of suit incurred herein; and for such other and further relief as the Court may deem just and proper.

Dated:   May 6, 2008

New Haven, Connecticut

Respectfully submitted,

STRATTON FAXON

By_____
Joel T. Faxon  (jf1611)
Stratton Faxon
59 Elm Street
New Haven, CT  06510
jfaxon@strattonfaxon.com
t: (203) 624-9500
f: (203)624-9100

## JURY DEMAND

The plaintiff demands a trial by jury on all claims.

By:_____
JOEL T. FAXON (jf1611)