UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

STEPHEN P. MASCIOTTI,

                *Plaintiff,*

     -*against*-

MT. KISCO AUTOMOTIVE PARTNERS II, LLC d/b/a
LAND ROVER JAGUAR OF MOUNT KISCO; LAND
ROVER JAGUAR OF MOUNT KISCO; GREGORY P.
WERNER and SCOTT B. WIDDED,

              *Defendants.*
-----------------------------------------------------------------------X

**08 CIV 4447**

Judge Kenneth M. Karas

**VERIFIED ANSWER**

The Defendants, MT. KISCO AUTOMOTIVE PARTNERS II, LLC d/b/a LAND ROVER JAGUAR OF

MOUNT KISCO and LAND ROVER JAGUAR OF MOUNT KISCO, by and through their attorneys, LAW

OFFICES OF DONALD L. FRUM, hereby answer the complaint as follows:

    1.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "1," "4," "5," "6," "7," "8," and of the complaint.

## AS AND FOR A FIRST CAUSE OF ACTION

    2.  The Defendants, MT. KISCO AUTOMOTIVE PARTNERS II, LLC d/b/a LAND ROVER JAGUAR OF MOUNT KISCO and LAND ROVER JAGUAR OF MOUNT KISCO, answering paragraph numbered "9", repeats and reiterates the answer to each and every allegation contained in paragraphs "1" through "8" inclusive as if set forth at length herein.

    3.  Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs numbered "10," and "11" of the complaint.

    4.  Denies the allegations contained in paragraphs numbered "12," "13," and "14" of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

    5.  The Court lacks personal jurisdiction over the answering defendants.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

    6.  That each cause of action is barred by the Statute of Limitations in that said action was not commenced within the applicable statute of limitations period.

## AŜ AND FOR A THIRD AFFIRMATIVE DEFENSE

7.  Pursuant to CPLR 4545 (c), any award to the Plaintiff for economic loss shall be reduced by the amount of economic recovery received from collateral sources.

## AS AND FOR A FORTH AFFIRMATIVE DEFENSE

8.  The accident or occurrence complained of was caused in whole or in part by the culpable conduct attributed to the Plaintiff(s) including contributory negligence and/or assumption of the risk and that by reason thereof the amount of damages recoverable, if any, shall be diminished in whole or in part by that portion of which the culpable conduct attributed to the Plaintiff bears to the alleged conduct of the defendants which allegedly caused the damages.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

9.  The plaintiff does not meet the threshold requirements of Article 51 of the Insurance Law of the State of New York and, therefore, is not qualified to maintain this lawsuit.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

10. That the motor vehicle in which plaintiff was riding was equipped with seatbelts in operable condition, which plaintiff failed to properly utilize, which would have prevented or reduced the extent of the injuries sustained. That the alleged injuries of the plaintiff was sustained totally or in part or were aggravated or extended as a result of failing to properly utilize the seat belts.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

11. That the allegations set forth in the complaint fail to state a cause of action.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

12. Plaintiff(s) failed to take all necessary and proper steps available to mitigate its damages.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

13. The standard of liability contained in sections 1104 and/or 1103 of the Vehicle and Traffic Law of the State of New York applies in this case.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

14. The Court lacks jurisdiction in this case because of lack of Diversity of Citizenship..

**WHEREFORE**, the Defendants, MT. KISCO AUTOMOTIVE PARTNERS II, LLC d/b/a LAND ROVER JAGUAR OF MOUNT KISCO and LAND ROVER JAGUAR OF MOUNT KISCO , demand judgment dismissing the complaint of the plaintiff herein, together with costs and disbursement of this action and for such other and further relief as to this Court may seem just and proper.

Dated:    Elmsford, NY
          July 31, 2008

                              Yours, etc.,

                              LAW OFFICES OF DONALD L. FRUM

                              By: _____
                                   Paul S. Zilberfein, Esq. (PZ7462)
                              *Attorneys for Defendants,*
                              MT. KISCO AUTOMOTIVE PARTNERS II, LLC d/b/a
                              JAGUAR OF MOUNT KISCO, LAND ROVER JAGUAR
                              OF MOUNT KISCO
                              565 Taxter Road - Suite 150
                              Elmsford, NY 10523
                              914-347-5522

To:   Joel T. Faxon, Esq.           Scott B. Widded             Gregory Werner
       STRATTON FAXON          31 Threshing Rock Road     9 Elmwood Drive
       *Attorneys for Plaintiff*      Pound Ridge, NY 10576     Brewster, NY 10509
       59 Elm Street
       New Haven, CT 06510
       203-624-9500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------X

STEPHEN P. MASCIOTTI,

                           *Plaintiff,*

                 -*against*-

MT. KISCO AUTOMOTIVE PARTNERS II, LLC d/b/a
LAND ROVER JAGUAR OF MOUNT KISCO; LAND
ROVER JAGUAR OF MOUNT KISCO; GREGORY P.
WERNER and SCOTT B. WIDDED

                           *Defendants.*

------------------------------------------------------------------------X

**08 CIV 4447**

**DEMAND FOR VERIFIED
BILL OF PARTICULARS**

S I R S :

PLEASE TAKE NOTICE THAT, pursuant to Article 30 of the CPLR, the answering Defendants, MT.
KISCO AUTOMOTIVE PARTNERS II, LLC d/b/a LAND ROVER JAGUAR OF MOUNT KISCO and
LAND ROVER JAGUAR OF MOUNT KISCO , by their attorneys, LAW OFFICES OF DONALD L.
FRUM, hereby demand that plaintiff(s) serve on the undersigned attorneys within thirty (30) days from the
date of service hereof, a Verified Bill of Particulars with respect to the following matters:

1.     State the exact date and time of day of the alleged accident/occurrence.

2.     State the exact location of the accident and a description of the location of the accident in
sufficient detail to permit ready identification and location, giving distances and directions from roadways,
intersections, traffic signals and other objects or landmarks in close proximity.

3.     State the manner in which the plaintiff(s) claim, or will claim, the accident occurred.

4.     A statement of the acts or omissions of the answering defendant(s) constituting the negligence
claimed.  If multiple defendants, state **separately,** the acts or omissions constituting the negligence of each
defendant.

5.     The direction in which each vehicle was proceeding at the time of the accident and the point of
impact on each vehicle.

6.     A description of each vehicle involved in the accident stating the registration number,
manufacturer, model, year and type.

7.     State the: (a) statutes; (b) ordinances; (c) rules; and (d) regulations, specifying the particular
provisions thereof, if any, which are claimed to have been violated by the answering defendant(s).

8.    State the full name, date and place of birth, social security number, residence and marital status of each plaintiff at the time of the alleged accident.

9.    State the address of each plaintiff(s) at the present time, if different from above.

10.    Describe in detail the injuries sustained by plaintiff(s) as a result of this occurrence indicating the exact location, nature, extent, and duration of each injury and their sequelae.

11.    Specifically indicate which injuries are claimed to be permanent.

12.    State the length of time, if any, it is claimed plaintiff(s) were confined to: (a) hospital (with dates of admission and discharge); (b) bed; (c) to home following the accident; and (d) give the dates of confinement.

13.    State the length of time under medical care.

14.    State the length of time, giving specific dates, plaintiff(s) claim they were: (a) totally disabled; (b) partially disabled; and (c) unable to pursue their normal occupation.

15.    State the plaintiff(s) occupations and the name and address of his/her employer:  (a) at the time of the accident; (b) at the present time; and (c) if self employed or engaged in some other pursuit, so state, indicating the name and address under which plaintiff(s) are/were doing business, any financial loss alleged, and how computed.

16.    State the length of time, giving specific dates, plaintiff(s) were incapacitated from employment, school attendance, and/or from attending their usual duties and vocation; the amount of earnings or wages claimed to have been lost including method of calculation, and the base rate of pay, either hourly, weekly, monthly, etc., received by plaintiff(s) at the time of the occurrence.

17.    Total amounts, if any, claimed as special damages by reasons of (a) physician's services, giving names and specific addresses of all physicians and the specific dates of service; (b) hospital expenses; (c) medical supplies, drugs and medicines; (d) nurse's services;  (e) physical therapy, giving names and specific addresses of all providers and the specific dates of service; (f) each other item of special damage, setting forth, as to each supplier or health service, the name and address and dates of service..

18.    State the name and address of each doctor, hospital, clinic, chiropractor, dentist, podiatrist, physical therapist or other health care provider who provided or is providing treatment or other health care services for plaintiff's injuries.

19.    If it is claimed that future monies will have to be expended for medical supplies, dental, medical, and/or psychological treatment, state the nature of same and the estimated cost.

20.    State the basis for the claim that the plaintiff's injuries qualify as "serious" under the provisions of Insurance Law § 5102(d) as alleged in the complaint.

21.   If loss of services is claimed: (a) state the nature of services claimed to be lost; (b) specify the length of time of such loss; (c) specify the dates of such loss; and (d) specify the amount claimed as damages for loss of services.

22.   Identify each person who was present at the scene of the occurrence immediately before, at the time of and immediately after said occurrence.

23.   State whether the plaintiff(s) are aware of any witnesses to, or anyone who has knowledge of, the circumstances of the occurrence alleged in the complaint. In the answer to the foregoing is in the affirmative: (a) identify each such witness; and (b) set forth whether or not plaintiff(s) are in the possession of a statement of any such witness, and if so, identify from which witness the plaintiff(s) have statements and the dates of each such statement.

24.   Set forth an itemized list of any and all items of property damage, which will be alleged by plaintiff(s) including copies of any bills or estimates.

Dated:   Elmsford, NY
         July 31, 2008

Yours, etc.,

LAW OFFICES OF DONALD L. FRUM

By: _____

Paul S. Zilberfein, Esq. (PZ7462)
*Attorneys for Defendants,*
MT. KISCO AUTOMOTIVE PARTNERS II, LLC d/b/a
JAGUAR OF MOUNT KISCO, LAND ROVER JAGUAR
OF MOUNT KISCO
565 Taxter Road - Suite 150
Elmsford, NY 10523
914-347-5522

To:   Joel T. Faxon, Esq.         Scott B. Widded          Gregory Werner
      STRATTON FAXON              31 Threshing Rock Road   9 Elmwood Drive
      *Attorneys for Plaintiff*   Pound Ridge, NY 10576    Brewster, NY 10509
      59 Elm Street
      New Haven, CT 06510
      203-624-9500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X

STEPHEN P. MASCIOTTI,

                          Plaintiff,

                  -against-

MT. KISCO AUTOMOTIVE PARTNERS II, LLC d/b/a
LAND ROVER JAGUAR OF MOUNT KISCO; LAND
ROVER JAGUAR OF MOUNT KISCO; GREGORY P.
WERNER and SCOTT B. WIDDED

                          Defendants.
-------------------------------------------------------------------------X

08 CIV 4447

Judge Karas

**COMBINED DEMANDS FOR
DISCOVERY AND INSPECTION**

TO PLAINTIFF:

PLEASE TAKE NOTICE, that pursuant to CPLR § 3120 and other applicable sections of the CPLR, the LAW OFFICES OF DONALD L. FRUM, attorneys for the Defendants, MT. KISCO AUTOMOTIVE PARTNERS II, LLC d/b/a LAND ROVER JAGUAR OF MOUNT KISCO and LAND ROVER JAGUAR OF MOUNT KISCO , demand that you respond to the following demands for disclosure attached hereto, within twenty (20) days, at LAW OFFICES OF DONALD L. FRUM, 565 Taxter Road - Suite 150, Elmsford, NY 10523.

## DEMAND FOR STATEMENTS AND WITNESSES

1.    Complete copies of all statements, recordings, abstracts of recordings, investigator's summaries of statements, writings, photographs, films/video tapes, taken by or on behalf of plaintiff from or of this demanding party.

2.    The MV-104s completed by plaintiff(s) in regard to the instant accident/occurrence.

3.    A complete list of the names and addresses of all persons claimed or believed to have witnessed, or have knowledge of the following:

       a.    the accident or occurrence or to have first hand knowledge of the same or the facts and circumstances regarding the occurrence;

       b.    any other acts or omissions claimed to constitute the negligence of any party;

       c.    any acts or omissions pertaining to the damage suffered or incurred by any party as a result of the negligence of any other party;

    d.    any facts or circumstances alleged to have constituted actual or constructive notice to any party of the condition alleged to have caused the claimed injuries of damage;

    e.    the making of any statements or admissions of this demanding party bearing on the issues of negligence, contributory negligence, and culpable conduct of any party hereto;

    f.    the name and address of any person claiming actual notice to the defendant of any condition which allegedly caused the injury complained of;

    g.    if a claim of loss of services is made, set forth the names and addresses of any person hired to perform services in the place of each plaintiff.

4.   If no such statements exist and/or there are no such witnesses known, so state in reply to this demand.

## DEMAND FOR ACCIDENT REPORTS

Any written report relating to the accident which is the subject matter of this lawsuit, prepared in the regular course of business or practice of any person, firm, corporation, association, or other public or private entity.

## DEMAND FOR PHOTOGRAPHS

Original photographs, films, motion pictures and/or video tapes taken of the situs of the accident or occurrence, the parties, the instrumentalities and/or motor vehicles involved, or the physical condition of the plaintiff, taken by or in the possession of the plaintiff(s), his/her attorneys or insurance carrier and/or their agents, servants and employees and any such materials which the plaintiff(s) or their attorneys intend to utilize as an exhibit or evidence at the trial of this action.

## DEMAND FOR EXPERT INFORMATION

1. The name and address of each and every person you expect to call as an expert witness at the trial of this action;
2. The area of expertise of each expert witness;
3. The qualifications of each expert witness;
4. In reasonable detail, the subject matter on which each expert is expected to testify;
5. The substance of the facts and opinions on which each expert is expected to testify;
6. Any documents or photographs seen and considered by the expert in rendering the opinion;
7. Copies of photographs to be utilized by expert;
8. A summary of the grounds for each expert's opinion;
9. The substance of the opinion of each expert.

## MISCELLANEOUS

Copies of any and all agreements and/or contracts entered into or between the parties and any deposition transcripts already executed.

## DEMAND FOR WORKERS' COMPENSATION RECORDS

Original duly executed and acknowledged written authorizations permitting the undersigned to obtain copies of all Workers Compensation records pertaining to the accident and injury alleged in the complaint from **both** the Workers' Compensation carrier **and** the Workers' Compensation Board.

## DEMAND FOR COLLATERAL SOURCES

1.    A verified statement setting forth the amounts claimed by the plaintiff for the cost of:
   a.    Medical care;
   b.    Dental care;
   c.    Custodial care;
   d.    Rehabilitation services;
   e.    Loss of earnings;
   f.    any other economic loss.

2.    Further, it is demanded that the plaintiff list and identify in a verified statement each and every collateral source including, but not limited to, insurance, social security, Workers' Compensation, no-fault, and/or employee benefit programs, setting forth the names, addresses, and policy numbers of each provider of such collateral sources as well as the amounts paid and the dates paid.

3.    Original duly executed and acknowledged written authorizations permitting the undersigned to obtain copies of the complete files from each collateral source identified above.

## DEMAND FOR EMPLOYMENT RECORDS AND TAX RETURNS

1.    Written authorizations permitting the undersigned to obtain the plaintiff's employment  records for three (3) years prior to the date of the alleged accident herein and for each and every year since the alleged accident;

2.    Written authorizations to obtain the plaintiffs wage statements for three (3) years prior to the date of the alleged accident herein and for each and every year since the alleged accident;

3.    Written authorizations to obtain the plaintiffs income tax returns for three (3) years prior to the date of the alleged accident herein and for each and every year since the alleged accident;

4.    Photocopy of each plaintiff's driver's license and other form of identification as required by IRS for processing of authorizations.

## DEMAND FOR MEDICAL REPORTS AND AUTHORIZATIONS

Pursuant to CPLR § 3121 et. seq., governing the exchange of medical information, you are required to forward to the undersigned attorneys for the defendant within twenty (20) days after service upon you of this demand, the following:

1.    The names and addresses of all physicians, technicians, therapists, nurse, aid,  hospitals and other health care providers/facilities of every description, who have consulted, examined or treated the plaintiff for each of the conditions allegedly caused, activated, aggravated, or exacerbated by the occurrence described in the complaint, including dates of treatment or examination.

2.   Original duly executed and acknowledged written authorizations, providing names and addresses thereon, to permit the undersigned to obtain copies of all medical records, bills, x-rays, technicians' reports, autopsy or post-mortem reports, for each hospital, clinic, or other health care facility in which the injured plaintiff herein is or was treated, confined, or examined, due to the occurrence set forth in the complaint.

3.   Original duly executed and acknowledged written authorizations permitting the undersigned to obtain copies of the complete office medical record(s), bill(s) and reports, of any physician, technician, therapist, nurse or aid who has examined or treated plaintiff for the injuries alleged, including  all diagnostic and x-ray films and reports.

4.   Copies of all records and reports received from all health care providers/facilities  identified above. These shall include a detailed recital of the injuries and conditions as to which testimony will be offered at trial, referring to those records, x-rays and technicians' reports which will be offered at the trial hereof.

## DEMAND FOR MEDICAL AUTHORIZATIONS FOR PRE-EXISTING INJURY

1.   Copies of all medical reports by physicians who treated, examined or saw the plaintiff(s) for any condition, injury or infirmity which plaintiff(s) claim(s) was aggravated, activated or exacerbated by the accident or occurrence which is the subject of this lawsuit.

2.   Original duly executed and acknowledged written authorizations permitting the undersigned to obtain copies of the complete office medical record(s), bill(s), reports and x-rays of any physician, technician, therapist, nurse or aid who has examined or treated plaintiff for any condition, injury or infirmity which plaintiff(s) claim(s) was aggravated, activated or exacerbated by the accident or occurrence which is the subject of this lawsuit.

3.   Original duly executed and acknowledged written authorizations, providing names and addresses thereon, to permit the undersigned to obtain copies of all medical records, bills, x-rays, technicians' reports, autopsy or post-mortem reports, for each hospital, clinic, or other health care facility in which the injured plaintiff herein is or was treated, confined, or examined, for any condition, injury or infirmity which plaintiff(s) claim(s) was aggravated, activated or exacerbated by the accident or occurrence which is the subject of this lawsuit.

4.   Copies of all records and reports received from all health care providers/facilities  identified above for any condition, injury or infirmity which plaintiff(s) claim(s) was aggravated, activated or exacerbated by the accident or occurrence which is the subject of this lawsuit.

## DEMAND FOR APPEARANCES

Demand is hereby made that you serve upon the undersigned attorneys a list of all names and addresses of all parties that have appeared in this action, together with the names and addresses of their respective attorneys as provided for by CPLR § 2103(e).

PLEASE TAKE NOTICE, that the foregoing are continuing demands; and if any of the above items are obtained or discovered after the date of this demand, they are to be immediately furnished to the undersigned pursuant to these demands.

PLEASE TAKE FURTHER NOTICE, that if these demands are not complied with, an application will be made for the imposition of appropriate sanctions and to compel compliance with this notice.

Dated:   Elmsford, NY
      July 31, 2008

Yours, etc.,

LAW OFFICES OF DONALD L. FRUM

By: _____

Paul S. Zilberfein, Esq. (PZ7462)
*Attorneys for Defendants,*
MT. KISCO AUTOMOTIVE PARTNERS II, LLC d/b/a
JAGUAR OF MOUNT KISCO, LAND ROVER JAGUAR
OF MOUNT KISCO
565 Taxter Road - Suite 150
Elmsford, NY 10523
914-347-5522

To:   Joel T. Faxon, Esq.      Scott B. Widded      Gregory Werner
      STRATTON FAXON     31 Threshing Rock Road   9 Elmwood Drive
      *Attorneys for Plaintiff*    Pound Ridge, NY 10576   Brewster, NY 10509
      59 Elm Street
      New Haven, CT 06510
      203-624-9500

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X

STEPHEN P. MASCIOTTI,                                    Index No.:  08 CIV 4447

                         *Plaintiff,*

                                                         **NOTICE FOR EXAMINATION**
            *-against-*                                  **BEFORE TRIAL**

MT. KISCO AUTOMOTIVE PARTNERS II, LLC d/b/a
LAND ROVER JAGUAR OF MOUNT KISCO; LAND
ROVER JAGUAR OF MOUNT KISCO; GREGORY P.
WERNER and SCOTT B. WIDDED,

                         *Defendants.*
--------------------------------------------------------------------------X

SIRS:

    PLEASE TAKE NOTICE, that pursuant to 3107 of the CPLR, the undersigned attorneys for the

Defendants, MT. KISCO AUTOMOTIVE PARTNERS II, LLC d/b/a LAND ROVER JAGUAR OF MOUNT

KISCO and LAND ROVER JAGUAR OF MOUNT KISCO, will take the deposition of the following parties

or persons, before a Notary Public not affiliated with any of the parties or their attorneys, on all relevant and

material issues raised by the pleadings in the above entitled actions, as authorized by Article 31 of the CPLR:

PERSON TO
BE EXAMINED :    **ALL PARTIES**

DATE           :    October 17, 2008

TIME           :    10:00 AM

PLACE          :    THE LAW OFFICE OF DONALD L. FRUM
                    565 Taxter Road, Suite 150
                    Elmsford, New York 10523.


    PLEASE TAKE FURTHER NOTICE, that the persons to be examined are required to produce all

books, records and papers in their custody and possession that may be relevant to the issues herein.

Dated: Elmsford, NY
July 31, 2008

Yours, etc.,

LAW OFFICES OF DONALD L. FRUM

By: _____
Paul S. Zilberfein, Esq. (PZ7462)
*Attorneys for Defendants,*
MT. KISCO AUTOMOTIVE PARTNERS II, LLC d/b/a
JAGUAR OF MOUNT KISCO, LAND ROVER JAGUAR
OF MOUNT KISCO
565 Taxter Road - Suite 150
Elmsford, NY 10523
914-347-5522

To:   Joel T. Faxon, Esq.
      STRATTON FAXON
      *Attorneys for Plaintiff*
      59 Elm Street
      New Haven, CT 06510
      203-624-9500

      Scott B. Widded
      31 Threshing Rock Road
      Pound Ridge, NY 10576

      Gregory Werner
      9 Elmwood Drive
      Brewster, NY 10509

### *ATTORNEY AFFIRMATION OF SERVICE*

STATE OF NEW YORK      )
                              ) ss.:
COUNTY OF WESTCHESTER )

Paul S. Zilberfein, Esq., an attorney duly admitted to practice law in the State of New York affirms the truth of the following under penalty of perjury:

On July 31, 2008, I served a true copy of the annexed:

**VERIFIED ANSWER, DEMAND FOR BILL OF PARTICULARS,
COMBINED DEMANDS FOR DISCOVERY AND INSPECTION
and NOTICE FOR EXAMINATION BEFORE TRIAL**

in the following manner: By mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service within the State of New York, addressed to the last known address of the addressee as indicated below:

| | | |
|---|---|---|
| Joel T. Faxon, Esq.<br>STRATTON FAXON<br>*Attorneys for Plaintiff*<br>59 Elm Street<br>New Haven, CT 06510<br>203-624-9500 | Scott B. Widded<br>31 Threshing Rock Road<br>Pound Ridge, NY 10576 | Gregory Werner<br>9 Elmwood Drive<br>Brewster, NY 10509 |

Dated:  Elmsford, NY
       July 31, 2008

_____
Paul S. Zilberfein, Esq. (PZ7462)