UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
STEPHEN P. MASCIOTTI,                    Case No.: 08 CIV 4447

               Plaintiff,
                                                                                  VERIFIED ANSWER
    -vs-

MT. KISCO AUTOMOTIVE PARTNERS II, LLC d/b/a
LAND ROVER JAGUAR OF MOUNT KISCO, LAND
ROVER JAGUAR OF MOUNT KISCO, GREGORY P.
WERNER, AND SCOTT B. WIDDED,

               Defendants.
-----------------------------------------------------------------x

       Defendant, SCOTT B. WIDDER sued herein as SCOTT B. WIDDED, by and through his attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, as and for his Answer to the Complaint served on behalf of the Plaintiff herein, upon information and belief, respectfully responds as follows:

       1.     Defendant SCOTT B. WIDDER, sued herein as SCOTT B. WIDDED, admits that he is a resident of the State of New York but denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained within paragraph numbered "1."

       2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "2."

       3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "3."

       4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "4."

       5.     As to the allegations contained within paragraph numbered "5" Defendant SCOTT B. WIDDER, sued herein as SCOTT B. WIDDED, admits ownership.

2104090.1

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "6."

7.  As to the allegations contained within paragraph numbered "7" Defendant SCOTT B. WIDDER, sued herein as SCOTT B. WIDDED, admits Werner was driving with his permission.

8.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "8."

## AS AND FOR A RESPONSE TO A FIRST CLAIM FOR PERSONAL INJURIES

9.  Repeats, reiterates and realleges each and every response as previously set forth to paragraphs numbered "1" through "8" with the same force and effect as if fully set forth at length.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "10."

11. Denies each and every allegation contained within paragraph numbered "11."

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained within paragraph numbered "12."

13. Denies each and every allegation contained within paragraph numbered "13" as to Defendant SCOTT B. WIDDER, sued herein as SCOTT B. WIDDED.

14. Denies each and every allegation contained within paragraph numbered "14" as to Defendant SCOTT B. WIDDER, sued herein as SCOTT B. WIDDED, and leaves questions of law to be determined by the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

15. The instant lawsuit may not be maintained pursuant to 5102(d) of the New York State Insurance Law as the plaintiff did not sustain serious injuries.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

16. Upon information and belief that whatever damages the plaintiff may have sustained at the time and place mentioned in the Complaint were caused in whole or in part by the culpable conduct of said plaintiff. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to plaintiff bears to the culpable conduct which caused said injuries.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

17. Upon information and belief, that all risks and danger of loss or danger connected with the situation alleged in the Complaint were at the time and place mentioned obvious and apparent and were known by the plaintiff and voluntarily assumed by plaintiff.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

18. In the event plaintiff recovers a verdict or judgment against these defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiff, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

2104090.1

19. If and in the event answering defendant is found to be liable to the plaintiff, answering defendant's liability is 50% or less and therefore answering defendant's liability is subject to the provisions of the CPLR Article 16.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

20. The plaintiff has not suffered a serious injury as defined in Section 671 of the Insurance Law and, therefore, is estopped from instituting, and maintaining a legal action pursuant to Section 673 of the Insurance Law.

### AS AND FOR THE FIRST CROSS-CLAIM AGAINST CO-DEFENDANTS

21. Upon information and belief, that if and in the event plaintiff sustained the injuries and damages complained of, such injuries and damages were caused in whole or in part by reason of the wrongful conduct of co-defendants, MT. KISCO AUTOMOTIVE PARTNERS II, LLC, LAND ROVER JAGUAR OF MOUNT KISCO and GREGORY P. WERNER, there being no active or primary wrong-doing on the part of the answering defendant contributing thereto.

By reason of the foregoing, this answering defendant is entitled to full indemnity and/or contribution from, and to judgment over and against co-defendants, MT. KISCO AUTOMOTIVE PARTNERS II, LLC, LAND ROVER JAGUAR OF MOUNT KISCO and GREGORY P. WERNER, for all or part of any verdict or judgment which plaintiff may recover against this answering defendant.

### AS AND FOR THE SECOND CROSS-CLAIM AGAINST CO-DEFENDANTS

22. Upon information and belief, that if and in the event plaintiff sustained the injuries and damages complained of, such injuries and damages were caused in whole or in part by reason of the culpable conduct and breach of contract of co-defendants, MT. KISCO

2104090.1

AUTOMOTIVE PARTNERS II, LLC, LAND ROVER JAGUAR OF MOUNT KISCO and GREGORY P. WERNER.

By reason of the foregoing, in the event that any judgment or verdict is recovered against answering defendant, answering defendant is entitled to contribution from, and to the judgment over and against said co-defendants equal to the proportionate share of responsibility as is adjudged between the defendants.

WHEREFORE, Defendant, SCOTT B. WIDDER sued herein as SCOTT B. WIDDED, by and through his attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, respectfully demands judgment dismissing Plaintiff's Verified Complaint, together with the costs and disbursements herein.

Dated:   White Plains, New York
         September 2, 2008

Yours, etc.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

By: /s/ Mark T. Newman

Mark T. Newman
Attorneys for Defendant
**Scott B. Widder**
3 Gannett Drive
White Plains, New York 10604-3407
(914) 323-7000
File No.: 10047.00155

TO:   Stratton Faxon
      Attorneys for Plaintiff
      Joel T. Faxon
      59 Elm Street
      New Haven, CT 06510
      (203) 624 - 9500

2104090.1

ATTORNEY VERIFICATION

STATE OF NEW YORK        )
                         ) ss.:
COUNTY OF WESTCHESTER    )

    MARK T. NEWMAN, being duly sworn, deposes and says: That I am a member of the law firm of WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, representing the Defendant, SCOTT B. WIDDER sued herein as SCOTT B. WIDDED, in this matter and is fully familiar with the facts and circumstances involved in this matter from reviewing the file regarding the same maintained in the offices of said law firm.

    Deponent has read the foregoing Verified Answer, knows the contents thereof, and the same are true to deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters deponent believes them to be true.

    The grounds of deponent's belief as to all matters not stated to be deponent's knowledge are investigative and other information contained in the file of the said law firm.

    The reason this verification is being made by me and not by the defendant is because the defendant's place of business is not within the County wherein your deponent maintains his office.

Dated: White Plains, New York
       September 2, 2008

                                            _____
                                            Mark T. Newman

2104090.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
STEPHEN P. MASCIOTTI,                                      Case No.: 08 CIV 4447

                Plaintiff,

-vs-                                                       **JURY DEMAND**

MT. KISCO AUTOMOTIVE PARTNERS II, LLC d/b/a
LAND ROVER JAGUAR OF MOUNT KISCO, LAND
ROVER JAGUAR OF MOUNT KISCO, GREGORY P.
WERNER, AND SCOTT B. WIDDED,

                Defendants.
-----------------------------------------------------------------------x

**PLEASE TAKE NOTICE** that pursuant to USCS Fed Rules Civ. Proc. R. 38, defendant, SCOTT B. WIDDER sued herein as SCOTT B. WIDDED, by and through his attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby demands a trial by jury of each and every issue that is triable by a jury insofar as alleged against SCOTT B. WIDDER in the above entitled action.

Dated: White Plains, New York
       September 2, 2008

                                      Respectfully submitted,

              WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                          By: _/s/ Mark Newman_
                          Mark T. Newman
                          Attorneys for Defendant
                          **Scott B. Widder**
                          3 Gannet Drive
                          White Plains, New York 10604
                          Tel. (914) 323-7000
                          Our File No. 10047.00155

2104359.1

TO:   Stratton Faxon
      Attorneys for Plaintiff
      Joel T. Faxon
      59 Elm Street
      New Haven, CT 06510
      (203) 624-9500

2104359.1